[Cite as *Wheeler v. Wheeler*, 2015-Ohio-4206.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

Amanda Danyelle Wheeler,          :

    Petitioner-Appellee,          :          Case No. 14CA3663

v.          :

Larry Calvin Wheeler,          :          <u>DECISION AND JUDGMENT ENTRY</u>

    Respondent-Appellant.          :          **RELEASED: 10/6/2015**

_____

<u>APPEARANCES</u>:

Brigham M. Anderson, Anderson & Anderson Co., L.P.A., for appellant.

Lauren R. Weller, Southeastern Ohio Legal Services, for appellee.

_____

TYACK, J.

{¶ 1}  Larry Calvin Wheeler is appealing from the granting of a civil protection order ("CPO") for the benefit of his wife, Amanda Danyelle Wheeler, and his stepdaughter.  He assigns a single error for our consideration:

> THE TRIAL COURT ABUSED ITS DISCRETION IN
> ISSUING A CIVIL PROTECTION ORDER AS THE
> OVERALL ATTITUDE OF THE TRIAL COURT IS
> UNREASONABLE, ARBITRARY AND UNCONSCIONABLE.

{¶ 2}  Counsel for Larry Wheeler submits a number of issues in support of his assignment of error:

> [1.] THE TRIAL COURT CONDUCTED AN EX PARTE
> HEARING ON THE ISSUANCE OF A TEMPORARY CIVIL
> PROTECTION ORDER WHEN DEFENDANT  APPELLANT
> WAS PRESENT FOR THE HEARING OUTSIDE OF THE
> COURTROOM.

[2.] THE TRIAL COURT ERRED IN INCLUDING THE
PARTIES' CHILDREN IN THE CIVIL PROTECTION ORDER
WHEN THE COURT IN 14-DR-278 HAD SUBJECT
MATTER JURISDICTION.

[3.] THE TRIAL COURT ABUSED ITS DISCRETION BY
FAILING TO CONSOLIDATE THE CIVIL PROTECTION
ORDER AND DIVORCE PROCEEDINGS.

[4.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN
THE COURT ANSWERED QUESTIONS FOR THE
PETITIONER.

[5.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN
IT FAILED TO CONDUCT A FULL HEARING ON THE
ISSUANCE OF AN EX PARTE ORDER WITHIN SEVEN
DAYS AS REQUIRED BY OHIO LAW.

{¶ 3} Counsel for Larry Wheeler does not argue that Amanda Wheeler was not entitled to a CPO. Counsel's silence on this issue is understandable because Larry Wheeler physically assaulted his wife on numerous occasions and caused her serious injuries, including three broken ribs. Under the facts, Amanda was clearly entitled to protection from Larry. Instead, counsel attacks the trial court judge's handling of the case, including the trial judge's "attitude." Accordingly, we address the five points set forth in appellant's brief and find the actions taken by the judge were well within his judicial discretion.

{¶ 4} The statute which allows for CPOs, R.C. 3113.31, clearly allows for an initial ex parte hearing. The initial hearing does not require the presence of the abuser. Indeed, when the abuser has engaged in repeated abuse and has often threatened a spouse, excluding the abuser from the courtroom while the abused spouse is testifying may be advisable. The need for immediate attention to the abusive relationship necessitates procedures such as that provided by the Ohio Legislature. Counsel for Larry

Wheeler asserts that Larry was present in the courthouse while the ex parte hearing was proceeding. Nothing in the record before us supports that assertion. What counsel asserts may be true; we must rely on the appellate record as opposed to the assertion of counsel.

{¶ 5} Minors were present for at least some of the abuse. The trial court had every right to take steps to prevent them from witnessing any future incidents. The trial court judge did not have to wait for the divorce case to proceed to the point of allocating parental rights and responsibilities before taking steps to protect the wife and children.

{¶ 6} For the same reason, the trial court judge was not required to consolidate the two actions. CPO proceedings often require prompt action. Divorce cases can extend for years. A trial court judge does not abuse his or her discretion by refusing to consolidate the two.

{¶ 7} Counsel for Larry Wheeler argues that a prior case in the Fourth Appellate District mandates a consolidation of the divorce case. The case is *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105 (4th Dist.). The case cited involves a totally separate issue; namely, the jurisdiction of a trial court to modify a CPO after the CPO has been final. The Fourth District ruled that the CPO could not be modified after it had been final. The Fourth District noted that the father never moved for new or additional orders in the divorce case which was subsequently filed. The case simply does not stand for the proposition that the CPO proceeding and the divorce under the circumstances in this case must be joined into a single proceeding.

{¶ 8} During the second hearing, Amanda Wheeler had been asked repeatedly about her failure to take aggressive action through law enforcement and the courts when

she was abused previously.  She responded repeatedly that, because of the threats and violence in her past with Larry, she was afraid.  Finally, having admonished the two sets of counsel for Larry Wheeler not to be repetitious in the cross-examination, the judge did not wait for Amanda to repeat her answer again.  The trial court judge simply inserted her previous responses.  The trial court judge did not commit reversible error by doing so.

{¶ 9}  As to the last issue, ideally, a full hearing will be conducted within seven days following the ex parte hearing.  Sometimes a trial court judge needs to extend that time in order to be fair to one or both of the parties.  Here, Amanda Wheeler's first lawyer quit before the full evidentiary hearing.  The judge was fully within his discretion to delay the proceedings to allow her to obtain new counsel.

{¶ 10} In summary, the single assignment of error is overruled, and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

 * Brown, P.J., and Dorrian, J.:  Concur in Judgment and Opinion.

For the Court

BY:  _____
G. Gary Tyack, Judge*

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**

* G. Gary Tyack, Susan D. Brown and Julia Lillian Dorrian of the Tenth Appellate District sitting by assignment of The Supreme Court of Ohio in the Fourth Appellate District.